## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-60324-CV-MORENO/MAYNARD
### (CASE NO. 18-60006-CR-MORENO)

LAWRENCE HENRY PERRY,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

### REPORT RECOMMENDING DENIAL OF
### MOTION TO VACATE SENTENCE UNDER § 2255

**THIS CAUSE** is before me upon Movant Lawrence Perry's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [DE 1] ("Motion"), which has been referred to me for appropriate disposition [DE 11].  Movant pled guilty to one count of attempted enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  He was thereafter sentenced to the mandatory minimum of ten years in prison to be followed by a lifetime of supervised release.  Movant now challenges his conviction and sentence based on alleged ineffective assistance of counsel.  Respondent has filed a response in opposition [DE 7], and Movant has replied [DE 8].

After determining that an evidentiary hearing was required on Movant's claim that his trial counsel failed to file a direct appeal as instructed, I appointed counsel for Movant and held an evidentiary hearing on December 9, 2021.  After the hearing, I authorized the filing of supplemental briefing at the request of Movant's counsel.  Upon consideration of the briefing, the testimony and evidence presented at the evidentiary hearing, the credibility of the witnesses, argument of counsel, Movant's supplemental briefing, and all pertinent portions of the underlying criminal file and related civil file, I recommend that the Motion be **DENIED** for the following reasons.

## **BACKGROUND**

On January 4, 2018, a federal grand jury charged Movant with one count of attempted persuasion, inducement, enticement or coercion of a person under 18 years of age to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) [CR DE 9].[1]  On March 2, 2018, Michael Grieco, Esq., filed a Notice of Permanent Appearance as Movant's retained counsel [CR DE 17].

On April 25, 2018, a change of plea hearing was held at which time Movant pled guilty to the one-count Indictment pursuant to a written factual proffer [CR DEs 24, 25, 41].  There was no written plea agreement.  On June 29, 2018, Movant was sentenced to 120 months (10 years) in prison, to be followed by a lifetime of supervised release [CR DE 34].  On the same day of sentencing, a final Judgment was entered against Movant [CR DE 35].  Movant did not file a direct appeal.

On February 6, 2019, Movant timely filed the instant *pro se* § 2255 Motion [DE 1].  Movant raises five claims.  He argues that his trial counsel rendered constitutionally ineffective assistance by using racial comments and threats to induce Movant to plead guilty (claim one); failing to move to dismiss the indictment on grounds that Movant did not have the specific intent to engage in the charged criminal conduct (claim two); misadvising Movant that he would not receive over three years of supervised release (claim three); and failing to file a direct appeal as instructed after sentencing (claim four) [DE 1 at 3; DE 1-1 at 1-14, 22].  Movant also argues that the presumption of attorney competence included within the applicable standard for evaluating ineffective assistance of counsel claims is unfair and violates due process (claim five) [DE 1-1 at 2, 15-18].

In its response, Respondent asserts that Movant's first, second, third, and fifth claims are without merit and should be denied [DE 7].  Further, Respondent asserts that an evidentiary hearing is required on the fourth claim alleging failure to file a direct appeal [*Id.*].  In his reply, Movant

---

[1] Citations to the underlying criminal case, 18-60006-Cr-Moreno will be "[CR DE___]," while citations to the instant § 2255 civil proceeding will be "[DE___]."

generally argues that Respondent failed to address Movant's core claims and Movant therefore asks the Court to permit Movant to file an "out of time" appeal in lieu of an evidentiary hearing [DE 8].

On April 27, 2021, I issued an Order finding an evidentiary hearing required to address Movant's fourth claim [DE 12].  I also appointed counsel to represent Movant [*Id.*].  On December 9, 2021, I held an evidentiary hearing to address whether Movant's counsel failed to file a direct appeal after being instructed to do so.  Appointed counsel represented Movant at the hearing, at which time I heard the sworn testimony of Movant and Movant's retained trial counsel, Michael Grieco, Esq.  In addition, with no objection by Respondent, Movant introduced into evidence one letter authored by Movant and dated September 24, 2018.

## **STANDARDS OF REVIEW**

### *A.  §2255 Generally*

Because collateral review is not a substitute for appeal, the grounds for collateral attack on a final judgment under 28 U.S.C. § 2255 are extremely limited.  Under § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence.  A district court is authorized to grant § 2255 relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C § 2255(a).  If a court finds a claim under § 2255 valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner, grant a new trial, or correct the sentence."  28 U.S.C. § 2255(b).

Relief under § 2255 is reserved for transgressions of constitutional rights, and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *See Lynn v. U.S.*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted); *see also U.S. v. Frady*, 456 U.S. 152, 165 (1982).  A § 2255 movant "bears the burden to prove the claims in his § 2255 motion."  *Rivers v. U.S.*, 777 F.3d 1306, 1316 (11th Cir.

3

2015); *see also Beeman v. U.S.*, 871 F.3d 1215, 1221–23 (11th Cir. 2017).  If "'the evidence does not clearly explain what happened … the party with the burden loses.'"  *Beeman*, 871 F.3d at 1225 (quoting *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)).  A § 2255 movant will not be entitled to relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted).

### B.      *Ineffective Assistance of Counsel*

A claim of ineffective assistance is evaluated against the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on such a claim, a movant must prove that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.* at 687.  *Strickland's* two-part analysis applies to challenges to guilty pleas based on ineffective assistance of counsel.  *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  A movant has the burden to prove both prongs of *Strickland* and a court "'need not address both prongs if the petition has made an insufficient showing on one of them.'" *Bishop v. Warden, GDCP*, 726 F.3d 1243, 1254 (11th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697).

Performance is deficient when "it f[alls] below an objective standard of reasonableness and [i]s outside the wide range of professionally competent assistance." *See Johnson v. Sec'y, DOC*, 643 F.3d 907, 928 (11th Cir. 2011).  Under the prejudice prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Deficient performance is "'representation [that] f[alls] below an objective standard of reasonableness.'" *Hardwick v. Sec'y, Fla. Dep't of Corr.*, 803 F.3d 541, 551 (11th Cir. 2015) (citing *Strickland*, 466 U.S. at 688).  "The test has nothing to do with what the best lawyers would have done.

Nor is the test even what most good lawyers would have done." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc).  The only question is "whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Id.* Counsel is presumed to have acted reasonably.  *Strickland*, 466 U.S. at 690. A reviewing court "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990).

In the context of a guilty plea, a movant can overcome the otherwise voluntary and intelligent character of his guilty plea only if he can establish that the advice he received from counsel in relation to the plea was not within the range of competence demanded of attorneys in criminal cases.  *Goggins v. Sec'y, Dep't of Corr.*, No. 20-11033-J, 2020 WL 5625170, at *1 (11th Cir. Aug. 13, 2020) (citing *Strickland*, 466 U.S. at 668).  "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. U.S.*, 962 F.2d 996, 997 (11th Cir. 1992) (per curiam); *see also U.S. v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) ("A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant." (quoting *U.S. v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam)); *U.S. v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011) ("'Generally, entering a guilty plea waives a defendant's right to all non-jurisdictional challenges to a conviction.'").  "This waiver of rights includes a claim of ineffective assistance of counsel based on a pre-plea event." *U.S. v. Hartsfield*, 160 F. Supp. 3d 1315, 1318 (M.D. Fla. 2016) (citing *Wilson*, 962 F.2d at 997).

Counsel's "failure to advise his client of collateral consequences of pleading guilty, other than deportation, is not a Sixth Amendment violation."  *Sims v. U.S.*, 785 F. App'x 632, 634 (11th Cir. 2019) (citing *Chaidez v. U.S.*, 578 U.S. 342, 356 (2013) (noting that the Supreme Court had abrogated this rule only in the context of deportation).  However, "affirmative misadvice" about the collateral

consequences of a guilty plea may constitute ineffective assistance of counsel because "'certain considerations are so important that misinformation from counsel may render the guilty plea constitutionally uninformed.'" *Sims*, 785 F. App'x at 634 (quoting *Downs-Morgan v. U.S.*, 765 F.2d 1534, 1541 (11th Cir. 1985)).

A movant shows prejudice if "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A movant must show more than "the error had some conceivable effect on the outcome of the proceeding." *Id.* at 693. To show prejudice when a defendant challenges his plea based on ineffective assistance of counsel, he must show a reasonable probability that but for the ineffective assistance, "'he would have not pleaded … and would have insisted on going to trial.'" *Durham v. Sec'y, Dep't of Corr.*, 834 F. App'x 843, 847 (11th Cir. 2020) (quoting *Hill*, 474 U.S. at 58-59). Where counsel affirmatively misadvises a defendant about the collateral consequences of his plea, he can show prejudice by proving that "he would not have pled guilty and would have proceeded to trial, even if the possibility of acquittal was highly unlikely." *Sims*, 785 F. App'x at 635 (citing *Lee v. U.S.*, 137 S. Ct. 1958, 1967 (2017)).

The representations of a movant at the plea hearing, as well as the district court's findings based on those representations, "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (superseded by the AEDPA on other grounds). Those representations made under oath at the plea hearing "carry a strong presumption of verity." *Id.* So, "contentions that are wholly incredible on the face of the record" are without merit and subject to summary disposition without a hearing. *Adams v. U.S.*, 2019 WL 4643730 *1 (11th Cir. 2019) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)); *Blackledge*, 431 U.S. at 73-74.

## **DISCUSSION**

Movant's § 2255 motion is timely.  Movant's final judgment of conviction was entered on June 29, 2018.  Movant did not file a direct appeal.  Thus, for § 2255(f)(1) purposes, the judgment became final 14 days later—on July 13, 2018.  Movant thus had to file his § 2255 motion within one year of this final date—by July 13, 2019.[2]  On February 6, 2019, Movant timely filed his Motion well within this applicable timeframe. *See* 28 U.S.C. § 2255(f)(1) (a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final"); *Murphy v. U.S.*, 634 F.3d 1303, 1307 (11th Cir. 2011) (where, as here, "a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires").  Respondent concedes this point.

Turning next to the merits, Movant asserts five claims for relief.  Respondent argues that each claim lacks merit.  I will address each claim in turn.

### A.      *Claim One—Counsel's Alleged Verbal Assaults/Racial Comments*

First, Movant argues that his "counsel Michael Grieco verbally assaulted [him], and used racial comments toward him and threatened to compromise his rights in order to induce a guilty plea." [DE 1-1 at 3].  In support, Movant asserts that he intended to go to trial as he had no prior criminal conduct for child exploitation or sexual misconduct and "had nothing to lo[]se by standing trial in this case."  [*Id.*].  Movant alleges that his counsel told Movant that he "would assure … that the outcome would be unfavorable" if Movant insisted on going to trial [*Id.*].

In an attached affidavit, Movant describes the alleged misconduct by his trial counsel.  For instance, Movant says that he told his counsel at their second meeting that Movant wanted to go to

---

[2]  The one-year period for filing a § 2255 motion is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year.  *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

trial, which prompted his counsel to respond by showing Movant text messages and suggesting that Movant was a pedophile [*Id.* at 20].    At the end of that meeting, Movant avers that his counsel verbally assaulted him for the first time when he insisted that "we are not taking this to fucking trial." [*Id.*].   Then, Movant alleges, when Movant appeared for his next court date of April 25, 2018 (which was the day Movant pled guilty), he did not know the purpose of the hearing until his counsel told him minutes before that he would be pleading guilty [*Id.* at 21].   Movant states that because he had not seen any evidence or documentation against him, he reiterated to counsel his intention to go to trial [*Id.*].  According to Movant, counsel responded "'if you press the issue, I will make sure the trial does not end in your favor'" and then instructed Movant to answer the Court's questions as counsel told him to do [*Id.*].   Movant claims also that his counsel interrupted his later PSI interview several times, insisted that Movant "just admit to the stated crime," called Movant a "nigger pedophile" and told him to "shut the fuck up and take [his] punishment like a man."  [*Id.* at 21-22].

"During plea negotiations defendants are 'entitled to the effective assistance of counsel.'" *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  As stated above, to establish ineffective assistance in the guilty plea context, a movant must show both deficient performance and prejudice.  *Strickland*, 466 U.S. at 687; *Hill*, 474 U.S. at 58-59. To satisfy the first *Strickland* prong, a movant must demonstrate that counsel's performance was objectively unreasonable.  *Strickland*, 466 U.S. at 688.  As for prejudice, a movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

In the plea context, a movant alleging ineffective assistance "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).  This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty."  *Meyer v. Branker*, 506 F.3d 358,

369 (4th Cir. 2007), *cert. denied*, 554 U.S. 925 (2008) (quoting *Hill*, 474 U.S. at 59-60).   When

assessing a claim in this context, representations of the defendant, his counsel, and the prosecutor

during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute

a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63,

73-74 (1977).

Here, Movant has not established deficient performance of counsel or resulting prejudice.  The

underlying criminal record is devoid of any sign that counsel threatened Movant or induced him to

plead guilty without an opportunity to review the evidence.  In fact, the record shows the opposite.

Specifically, the record makes clear that Movant admitted to facts establishing the criminal offense

of attempted enticement and voluntarily pled guilty to this charge.  As discussed more fully below in

addressing Movant's second claim, Movant signed a factual proffer which set forth pertinent facts

supporting the attempted enticement charge [CR DE 25].

In addition, Movant appeared in Court for a plea hearing where he affirmatively stated on the

record under oath that he wished to plead guilty and agreed that no one had forced or threatened him

to do so [CR DE 41 at 4, 6].  Movant denied that anyone had many him any promises in exchange for

pleading guilty [*Id.* at 8].  Movant agreed to committing the attempted enticement offense as charged

and affirmatively pled guilty to the charge [*Id.* at 5-6].  Movant acknowledged that by pleading guilty,

he was giving up his right to fight the case at trial, or on appeal, or through witnesses, and he knew

that the next proceeding would be the sentencing hearing [*Id.*].  Movant indicated that he understood

that the Court would have to impose a mandatory minimum sentence of at least ten years in prison,

followed by a mandatory minimum of at least three years up to life of supervised release [*Id.* at 5].

The Court advised Movant to listen carefully to the prosecutor's presentation of the facts that

would have been proven if the case had gone to trial [*Id.* at 8].   After the prosecutor announced the

facts in open court, Movant informed the Court that he agreed with everything the prosecutor had

said about Movant's involvement in the case [*Id.* at 13].   Movant's counsel stated that he and Movant

had both signed the written factual basis in support of the guilty plea [*Id.*].   Movant told the Court

that he was satisfied with his counsel and did not need to speak with his counsel before entering the

guilty plea [*Id.* at 15].   The Court expressly asked if Movant had "any issues with pleading guilty"

and if Movant understood that the Court would have to impose a sentence of at least ten years' in

prison and could impose up to life in prison; Movant agreed that he understood and denied having

"any dispute whatsoever with what the prosecutor said about what [Movant] did with this 14-year-

old girl."  [*Id.*].

When asked if he wanted to plead guilty or not guilty, Movant unequivocally responded

"Guilty" and said he was sure about that decision [*Id.* at 16].   The Court found that Movant's guilty

plea was freely and voluntarily entered, that Movant was intelligent and alert, that Movant was

represented by competent counsel with whom Movant had expressed satisfaction, and that there was

a supporting factual basis underling the charge to which Movant agreed [*Id.*].

As demonstrated above, the record shows that Movant knowingly and voluntarily pled guilty.

Movant denied doing so under force, threats, or any promises made.   The Court properly advised

Movant of the statutory penalties for attempted enticement—including the mandatory minimum of

ten years up to life in prison, to be followed by a mandatory minimum of three years up to life of

supervised release.   Movant said he understood.   Movant also expressed complete satisfaction with

his counsel.   Movant's statements under oath to the Court run directly contrary to his current claims

of alleged verbal assaults and racial comments directed at him by his counsel.   Movant's conclusory

claims, which are unsupported by the record or any other credible evidence, do not rise to the level

of overcoming the "strong presumption that counsel's conduct fell within the wide range of

reasonably professional assistance."  *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990).

Movant also fails to show prejudice.  It would not have been rational for Movant to go to trial considering the strong evidence of guilt against him as set forth in the factual proffer he signed [CR DE 25].  It is notable that Movant does not challenge any of the factual evidence underlying his conviction.  Movant has also not proffered any viable defense to the charges that he would have raised at trial.  As discussed below in addressing claim two, any claim by Movant that his admitted conduct did not constitute criminal attempted enticement is foreclosed under well-established law.  Movant's suggestion that he would have had nothing to lose by going to trial because he received the ten-year mandatory minimum prison sentence and lifetime of supervised release overlooks the possibility that he could have faced a much lengthier prison sentence, up to the statutory maximum of life in prison, had he opted to go to trial.  Indeed, after Movant fully accepted responsibility for his offense conduct at sentencing, the Court stated "obviously, with this type of a case a reasonable sentence could include a lot of things, all the way up to life in my view, but it was a Plea Agreement.  Both sides agreed to it.  So I'll go along with it."  [CR DE at 5].  Movant's contention that he would have gone to trial but for counsel's alleged deficient performance is not credible in light of the unchallenged factual evidence against him and the lack of a viable defense.  This first claim lacks merit and I recommend it be denied.

### B.      Claim Two—Counsel's Alleged Failure to Move to Dismiss the Indictment

Second, Movant argues that his "counsel was ineffective for failing to move to dismiss the indictment based on the fact [Movant] did not have the specific intent to engage in criminal conduct for which he was charged."  [DE 1-1 at 4].  Movant claims he had no intention of inducing the minor victim to engage in sexual activity until the minor's stepmother and undercover law enforcement intervened and contacted him purporting to be the minor [DE 1-1 at 5-8].  Movant claims that the minor's stepmother and law enforcement entrapped Movant and that he never took a substantial step toward inducing the minor to engage in sexual activity with him [*Id.*].  Movant suggests that the

11

evidence showing improper contacts between him and the minor's stepmother and the undercover law enforcement officer, while both were purporting to be the minor, was insufficient to show that he attempted to entice a minor [*Id.* at 8].

This claim fails for two reasons: (1) Movant waived this argument by knowingly and voluntarily pleading guilty, and (2) Movant's trial counsel did not provide ineffective assistance. First, a challenge to a "pre-plea event, including a claim of ineffective assistance of counsel" like the one raised here, is waived by pleading guilty. *See Hartsfield*, 160 F. Supp. 3d at 1318 (citing *Wilson*, 962 F.2d at 997). After pleading guilty, an analysis of Movant's present collateral attack "is ordinarily confined to whether the underlying plea was both counseled and voluntary." *U.S. v. Broce*, 488 U.S. 563, 569 (1989).

While Movant implies that his guilty plea was involuntary because his trial counsel "coerced" him into doing so, the record contains ample evidence showing that Movant pled guilty on his own volition. In addition to signing the factual proffer clearly stating that Movant "agree[d] that, had this case proceeded to trial, the United States would have proven beyond a reasonable doubt" the facts contained therein, the Court held a plea hearing to expressly discuss the factual proffer and Movant's decision to plead guilty to ensure that Movant's plea was knowing and voluntary [CR DEs 24-25, 41]. Movant stated under oath that he was not coerced into pleading guilty, that he understood the charges and consequences of pleading guilty, and that he pleaded guilty, confirming that he entered his guilty plea knowingly and voluntarily [CR DE 41 at 4-6]. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (a movant's declarations in open court during the plea colloquy carry "a strong presumption of verity" and cannot be overcome by conclusory or unsupported allegations). Movant's knowing and voluntary guilty plea constitutes a waiver of his ineffective assistance claim challenging his counsel's pre-plea conduct in failing to move to dismiss the indictment.

Even assuming non-waiver, this claim fails on the merits because it is conclusively refuted by the record.  The enticement statute under which Movant was convicted provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, *or attempts to do so*, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C.A. § 2422(b) (emphasis added).  This offense requires the government to prove that the defendant (1) had the required intent to commit the charged crime, and (2) took actions that constituted a "substantial step" toward the commission of the crime. *See U.S. v. Yost*, 479 F.3d 815, 819 (11th Cir.2007); *U.S. v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004).  A defendant may be convicted of attempted enticement under § 2422(b) based on conduct directed toward a fictitious minor. *U.S. v. Syed*, 616 F. App'x 973, 977 (11th Cir. 2015) (citations omitted).

Here, Movant agreed to the following facts set forth in the written factual proffer supporting Movant's decision to plead guilty to attempted enticement [CR DE 25].  Movant made initial contact with the 14-year-old female victim after she responded to his online advertisement for the sale of a hoverboard.  After the two met at the minor's residence, Movant sent the minor text messages containing a "licking lips" emoji, asking about her age, and asking her to send Movant a picture of herself.  Movant began to compliment the minor's buttocks and vaginal area, after which the minor responded that she found Movant's messages to be inappropriate.

After the minor told her parents about Movant's text messages, the minor's stepmother took over her daughter's phone and continued texting Movant (pretending to be the minor).  The stepmother, pretending to be her daughter, told Movant her daughter's true age of fourteen.  Movant asked if the minor had ever performed oral sex on an adult male or well-endowed black male and sent

a digital photograph of an erect penis, telling the minor it was nothing to be scared about, and continued to persuade her to perform oral sex on him.

The minor's parents reported the incident to police the following day, after which law enforcement conducted a forensic analysis of the minor's cellular phone and saw the prior text messages between Movant and the minor.  Thereafter, an undercover law enforcement officer acting as the minor continued to send text messages to Movant using the minor's cell phone account. Movant responded by asking if the minor would perform oral sex on him and offering to teach her given her youth and inexperience.  Movant also asked the minor to take and send digital photographs of her vagina, buttocks, and breasts.  Movant sent two digital photographs of a black male's erect penis to the minor.  Movant then asked to meet the minor near her home so that she could perform oral sex on him.  When the undercover officer (portraying the minor victim) informed Movant that the minor was at a nearby park, Movant instructed the undercover officer to meet him in the men's bathroom.  Movant traveled to the park where had instructed the minor to meet him in the men's bathroom.  Movant was arrested.  In post-*Miranda* statements, Movant admitted that he was at the park "to meet a girl," that he had communicated with the minor in a sexually inappropriate manner," and that he had transmitted "digital photographs of his erect penis to the child."  Movant said he knew his actions were wrong, but that he needed a "release" since his fiancée was pregnant with their third child and was extremely hormonal [CR DE 25 at 3].

Movant agreed to the above facts in the signed factual proffer.  In addition, while under oath at the plea hearing, Movant agreed that these proffered facts were true [CR DE 41 at 13].  Movant's sworn statements are entitled to a strong presumption of verity and the Movant's present conclusory contentions to the contrary should be rejected.  *See Blackledge*, 431 U.S. at 74 (the defendant's declarations in open court during the plea colloquy carry "a strong presumption of verity" and cannot be overcome by conclusory or unsupported allegations).

Counsel cannot be deemed ineffective for failing to move to dismiss the indictment because the above facts, admitted by Movant in the signed factual proffer and again in open court, establish all the required elements of attempted enticement.   First, the intent element is met.   Contrary to Movant's contentions, the Eleventh Circuit has made clear that specific intent exists for purposes of attempted enticement where a defendant communicates with a minor or someone whom he believes to be a minor, but who is actually another adult or law enforcement officer, for the purpose of attempting to induce a minor to engage in sexual activity.   *See Murrell*, 368 F.3d at 1286-88 ("[b]y negotiating with the purported father of a minor," a defendant "attempted to stimulate or cause the minor to engage in sexual activity with him;" thus, his "conduct fits squarely within the definition of 'induce.'"); *U.S. v. Wilkerson*, 702 F.App'x. 843, 848 (11th Cir. 2017) (finding specific intent to induce where a defendant negotiated, offered money, and attempted to arrange meetings with the minor via contacts with the purported father); *U.S. v. McGill*, 634 F.App'x. 234, 237 (11th Cir. 2015) (e-mails and text messages with fictitious mother of minor demonstrated a clear intent to cause or stimulate the occurrence of unlawful sexual contact between the defendant and the minor); *accord U.S. v. Root*, 296 F.3d 1222, 1227-32 (11th Cir. 2002); *U.S. v. Farley*, 607 F.3d 1294, 1325 (11th Cir. 2010); *U.S. v. Lee*, 603 F.3d 904, 913 (11th Cir. 2010); *U.S. v. Yost*, 479 F.3d 815, 819 & n.2 (11th Cir. 2007); *U.S. v. Hornady*, 392 F.3d 1306, 1309-11 (11th Cir. 2004).   Because Movant here communicated with the minor herself and also with persons whom he believed to be the minor, his conduct falls squarely under the statute.   Second, the element of taking a substantial step toward commission of the crime is met by Movant's admitted objective actions of traveling to a park to meet the minor for the purpose of engaging in sexual activity.   These objective acts strongly corroborate Movant's culpability.   *See Murrell*, 368 F.3d at 1288 (to find that a substantial step was taken, a court "must determine that the defendant's objective acts mark his conduct as criminal such that his acts as a whole strongly corroborate the required culpability").

15

The proffered facts that Movant admitted were true in open court satisfy each of the requisite elements for criminal attempted enticement.   Trial counsel cannot be deemed ineffective for failing to present a frivolous motion to dismiss under these circumstances.  *See Knowles v. Mirzayance*, 556 U.S. 111 (2009) (defense counsel not required to pursue every claim or defense, regardless of its merit, viability or realistic chance for success); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a non-meritorious issue).   In the face of the overwhelming evidence Movant admitted in the factual proffer and at the plea hearing, Movant does not allege any plausible facts showing that a motion to dismiss the indictment would have had a reasonable probability of changing the result of the proceedings, and as such, he suffered no prejudice under *Strickland*.

For all the above reasons, Movant's second claim thus fails on grounds of waiver and, alternatively, on the merits.

**C.      *Claim Three—Counsel's Alleged Misadvice Regarding Supervised Release***

As his third claim, Movant argues that his "counsel was ineffective for misadvising [Movant] that he would not receive over three years of supervised release and was sentenced to lifetime supervision." [DE 1-1 at 10].  Movant states that his counsel advised Movant "that since he had no prior record for child exploitation, the court would only impose a sentence of three (3) years supervision" and claims that had he "known that the court was likely to impose a life sentence, he would have stood trial." [*Id.* at 11-12].  The record affirmatively contradicts this claim.

As relevant here, the Eleventh Circuit has found that a movant cannot show prejudice from counsel's misadvice if movant was advised of the correct maximum sentence during the plea colloquy.  *See Dickey v. U.S.*, 437 F. App'x 851, 852 (11th Cir. 2011) (movant failed to show prejudice from counsel's alleged wrong advice about the potential sentencing range because during the plea hearing the district court advised him of the minimum and maximum of each count which he stated

he understood, and he therefore was fully apprised of his potential sentence); *Cruz v. U.S.*, 188 F.

App'x 908, 914 (11th Cir. 2006) (finding no ineffective assistance where movant claimed that counsel

coerced her into pleading guilty based on misrepresented facts about the case and sentencing because,

inter alia, "[t]he court ... explained to her the maximum penalties and that the sentence imposed could

be different from any estimate given to her by her lawyer or anyone else.").

The properly conducted guilty plea colloquy in this case dispels any finding of prejudice.

During the plea colloquy, Movant was advised as follows:

> [THE COURT]:  I can give you all the way up to life imprisonment followed by three
> years' supervised release.

> THE COURT: That's a minimum, or is there supervised release for life, too?

> [PROSECUTOR]: The maximum of supervised release is life.

> THE COURT: Life.

> BY THE COURT:
> Q. So minimum three years' supervised release; maximum, life, and a quarter of
> million dollar fine and $100 special assessment. Do you understand?

> [MOVANT] A. Yes, sir.

[CR DE 41 at 5].   As the above exchange demonstrates, Movant was duly advised that his sentence

would include a minimum of three years up to a lifetime of supervised release.  Movant indicated that

he understood.  Notably, Movant never objected or otherwise indicated that his counsel had advised

him that he would not receive more than three years of supervised release.  Instead, Movant continued

to voluntarily plead guilty by agreeing with all the facts proffered by the Government in open court,

affirmatively stating that he was satisfied with his counsel; denying a need to speak with his counsel

before pleading guilty; and telling the Court he had no issues with pleading guilty knowing the Court

would have to sentence him to a minimum mandatory of ten years in prison, followed by a minimum

mandatory of three years of supervised release [*Id.* at 6-16].  There is nothing in the record supporting

Movant's claim that counsel advised him that he would not receive more than three years of supervised release, or that he relied on that alleged advice over the advice given by the Court during the plea colloquy.   Movant's instant claims run directly contrary to his sworn statements under oath and must therefore be rejected.

Moreover, Movant's claim that he would have insisted on going to trial – without any plausible defense - if he knew the Court would sentence him to, in part, a lifetime of supervised release is not credible.  Movant pled guilty knowing the Court could sentence him to imprisonment for any period between the mandatory minimum of ten years and up to life.  If Movant pled guilty knowing the Court could impose a sentence of life imprisonment, it does not make sense that he would not have pled guilty if he knew the Court would impose a lifetime of supervised release. Ultimately, Movant fails to demonstrate any prejudice associated with this third claim.  A review of the plea colloquy clearly shows that the Court advised Movant of the potential maximum life term of supervised release upon conviction and Movant acknowledged that he understood.  Movant has not met his burden of establishing ineffective assistance. Thus, I recommend that this third claim be denied.

### D.      *Claim Four—Counsel's Alleged Failure to File Direct Appeal*

As his fourth claim, Movant argues that his "counsel was ineffective for failing to file an appeal as instructed by [Movant] after sentencing."  [DE 1-1 at 12].  I held an evidentiary hearing to address this fourth claim.  Ultimately, I find this claim to be without merit.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that *Strickland* governs claims that counsel was ineffective for not filing an appeal.  *Flores-Ortega*, 528 U.S. at 476-77. Regarding the first part of *Strickland*—whether counsel's representation fell below an objective standard of reasonableness—the Supreme Court reaffirmed that "an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner

18

per se." *Gomez-Diaz v. U.S.,* 433 F.3d 788, 791–92 (11th Cir. 2005) (citing *Flores-Ortega*, 528 U.S. at 477). In such cases, prejudice is presumed, and the movant is entitled to resentencing and a new appeal with no further showing. *Flores-Ortega*, 528 at 483 ("The . . . denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice.").

Even if a client has not made a specific request of his counsel to file an appeal, counsel generally must "consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant in the defendant's position would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480; *see also Thompson v. U.S.*, 504 F.3d 1203, 1206 (11th Cir. 2007). Adequate consultation means "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478; *Thompson*, 504 F.3d at 1206. If a criminal defense attorney's consultation comports with that definition, the only way an attorney can be deemed ineffective is if the defendant insisted with an "express instruction[]" to appeal. *Flores-Ortega*, 528 U.S. at 478.

At the evidentiary hearing, Movant testified that right before going into the courtroom for his sentencing hearing, Movant told his counsel he wanted to appeal. Movant further testified that the day after sentencing, he tried to send an email to his counsel, but Movant's email was blocked. Movant said he also tried to call his counsel three to four times after sentencing, but counsel's secretary would answer and then immediately hang up on Movant. Movant introduced into evidence a letter that he sent to Mr. Grieco. The letter is dated September 24, 2018 (roughly three months after Movant's sentencing hearing on June 29, 2018) and states that it is a "final request for [Movant's]

'case files' in your possession" given Mr. Grieco's purported prior refusals to provide the requested case files.

Movant's trial counsel, Michael Grieco, told a very different story. Mr. Grieco testified that Movant never instructed Mr. Grieco to file an appeal at sentencing or otherwise. Mr. Grieco stated that he would have filed an appeal if Movant had asked him to do so to preserve Movant's rights. According to Mr. Grieco, his staff would not have hung up on Movant if he had called. Mr. Grieco explained that he spoke with Movant and Movant's mother throughout the underlying criminal proceedings and that neither one of them ever expressed any indication that Movant wished to appeal his sentence. Mr. Grieco acknowledged that post-sentencing, both Movant's mother and Movant asked Mr. Grieco for a copy of Movant's case file which was ultimately provided to Movant upon his request. Mr. Grieco added that there was no valid reason for an appeal as demonstrated by Movant's decision to plead guilty, his acceptance of responsibility, and his expressed satisfaction with his counsel at the hearings before the Court.

Because the witness testimony and evidentiary submissions concerning whether Movant asked his trial counsel to file an appeal contain marked differences, the court must make credibility determinations while also considering the record as a whole. *See U.S. v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). Ultimately, the Court credits Mr. Grieco's testimony that Movant never asked him to file an appeal and discredits Movant's testimony to the contrary. The Court finds that Mr. Grieco gave specific and unequivocal testimony about his representation of Movant in the underlying criminal proceedings and Movant's expressed desire to plead guilty. Under the circumstances, it is not plausible that Mr. Grieco would have refused to file a notice of appeal had Movant directed him to do so. Mr. Grieco's denial that Movant ever instructed him to file an appeal is bolstered by the record in this case, which reflects Movant's knowing guilty plea. In addition, I find it notable that Movant's post-sentencing letter dated September 24, 2018 expresses concern about

Movant's receipt of his case file but makes no mention of any wish by Movant to appeal.  Overall, the circumstances suggest that an appeal would have been fruitless and there would be no apparent reason for Movant to ask Mr. Grieco to file an appeal.

Movant's testimony was not so credible.  His testimony regarding the manner in which he allegedly instructed Mr. Grieco to appeal was lacking in specificity.  Movant's testimony about instructing Mr. Grieco to file an appeal before his sentencing hearing does not make logical sense considering that Movant expressly indicated to the Court that he did not "wish to appeal [his] 10-year sentence" in open court during the sentencing hearing.  [CR DE 42 at 7].  I thus find that Movant's testimony that he instructed Mr. Grieco to file an appeal not credible.

Having found that Movant did not ask Mr. Grieco to file an appeal, in the interest of completeness, the Court will also discuss whether Mr. Grieco should have consulted with Movant about an appeal. *See Otero v. U.S.*, 499 F.3d 1267, 1270 (11th Cir. 2007) ("We have been told by the Supreme Court that in cases like this— 'cases where the defendant [does not] instruct[ ] counsel to file an appeal'—'the question whether counsel performed deficiently by not filing a notice of appeal is best answered by...asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal.'") (quoting *Flores–Ortega*, 528 U.S. at 478). Importantly, the case law is clear that consulting a client about appealing is not constitutionally required in every case. *Flores-Ortega*, 528 U.S. at 479 ("We cannot say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient."); *Otero*, 499 F.3d at 1270 ("A criminal defense lawyer is not under a per se constitutional obligation to consult with his or her client about an appeal. In some cases, the Sixth Amendment requires such consultation; in others, it does not.").

Rather than endorse an inflexible rule, the Supreme Court in *Flores–Ortega* held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason

to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores–Ortega*, 528 U.S. at 480.  This inquiry is informed by several "highly relevant" factors, including: whether the conviction follows a guilty plea, whether the defendant received the sentence he bargained for, and "whether the plea [agreement] expressly...waived some or all appeal rights." *Id.*  Notably, guilty pleas tend to indicate that the defendant is "interested in seek[ing] an end to the judicial proceedings." *Otero*, 499 F.3d at 1270 (quoting *Flores-Ortega*, 528 U.S. at 480).

Here, the only evidence relied upon by Movant to establish that he showed any interest in appealing is his own self-serving testimony at the evidentiary hearing.  For reasons discussed above, this testimony is not credible.  In addition, it is highly relevant here that Movant decided to plead guilty which is indicative of Movant's interest in ending the judicial proceedings.  Movant has not challenged any of the factual underpinnings supporting his guilty plea and his guilty plea operates to reduce the scope of potentially appealable issues.  Before accepting his plea, the Court ensured that Movant understood that by pleading guilty, Movant was "giv[ing] up the right to fight the case. There's no trial, no appeal, no witnesses.  The case is over and done with with one proceeding and that will be the sentencing hearing." [CR DE 41 at 4].  When asked if he understood, Movant stated "Yes, sir."  [*Id.*].

At his sentencing hearing, the Court again brought up the issue of an appeal and asked Movant: "Do you wish to appeal this 10-year sentence?" to which Movant responded "No."  [CR DE 42 at 7]. Movant expressly denied being forced to give up his right to appeal, accepted full responsibility for his actions indicating that what he did was "a huge mistake," acknowledged the potential penalties including the mandatory minimum of 10 years in prison followed by 3 years up to life of supervised release, and expressed satisfaction with his trial counsel [*Id.* at 5, 8].

22

Based on the testimony at the evidentiary hearing, the credible evidence indicates that Movant never requested Mr. Grieco to appeal and Mr. Grieco never understood Movant to request an appeal. Moreover, Movant ultimately received the minimum mandatory sentence of ten years in prison, which was within his guideline range and well below the statutory maximum potential penalty of life in prison.

Under the circumstances, contrary to Movant's assertions, Mr. Grieco was under no constitutional duty to consult with Movant about an appeal in the first place. This is because there was no reason for Mr. Grieco to believe that Movant would want to file an appeal. Indeed, there was no reason to think any rational defendant would want to appeal the sentence Movant received following his knowing and voluntary decision to plead guilty.

Lastly, even assuming *arguendo* that Mr. Grieco was constitutionally obligated to consult with Movant about an appeal, Movant must also show prejudice by showing a reasonable probability that, "but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485. Here, Movant has failed to advance any viable legal grounds for appealing his sentence. Movant received the lowest possible statutory prison sentence. While Movant primarily appears to now challenge the imposition of supervised release for life as part of his sentence, Movant expressly acknowledged this potential penalty at his plea hearing [DE 41 at 5] and he has not offered any nonfrivolous grounds to appeal this supervised release portion of his sentence. No prejudice has been shown. Thus, Movant is not entitled to relief on this fourth claim.

**E.      *Claim Five—Strickland Presumption of Attorney Competence***

23

As his fifth and final claim, Movant argues that "Strickland's presumption of competence standard violated [Movant's] due process rights … b[e]cause it is fundamentally unfair." [DE 1-1 at 15].  The Due Process Clause provides the guarantee of fair procedure related to a constitutionally-protected interest.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  Due process guarantees that a government actor cannot deprive a person of a constitutionally-protected interest in life, liberty, or property without adequate procedural protections.  *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 533 (1985).

In addressing this exact same due process claim raised by a different movant in another § 2255 proceeding, a court in this district found as follows:

> … the movant claims *Strickland's* presumption of competence standard violates the movant's due process rights … This claim is nonsensical and patently frivolous.  In any event, the Supreme Court has repeatedly found that *Strickland* is the appropriate standard of review for ineffective assistance of counsel claims. See *Promo v. Moore*, 562 U.S. 115, 120 (2011) (citing *Knowles v. Mirzayance*, 561 U.S. 111, 122 (2009)).

*Morris v. U.S.*, Case No. 19-60523-Civ-Bloom/Reid, DE 6 at 24 (May 7, 2019).  This same analysis applies here and I incorporate it by reference.  As discussed above, under the well-settled and recognized two-prong *Strickland* standard, Movant has not demonstrated either that his attorney was ineffective or that he was prejudiced by counsel's performance.  Movant plainly fails to show any violation of his due process rights. This fifth claim is thus without merit and should be denied.

## <u>CERTIFICATE OF APPEALABILITY</u>

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the Court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2255 Cases.

Where a district court has rejected a movant's constitutional claims on the merits, Movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel, 529 U.S. 473, 484 (2000)*. However, when the district court has rejected a claim on procedural grounds, Movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack*, 529 U.S. at 483-84 (explaining how to satisfy this showing) (citation omitted).  Thus, it is also recommended that the District Court deny a COA in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation.

## **RECOMMENDATION**

Based on the foregoing, I respectfully **RECOMMEND** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [DE 1] be **DENIED** and that no certificate of appealability be issued.

## **NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Federico A. Moreno.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this

Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

      **DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 29th day of December, 2021.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE